# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 16-CV-5368 (JFB)

CELESTINE WENEGIEME,

Appellant,

VERSUS

GOLDSTEIN GROUP HOLDING,

Appellee.

**MEMORANDUM AND ORDER**
April 21, 2017

JOSEPH F. BIANCO, District Judge:

*Pro se* appellant Celestine Wenegieme ("appellant") appeals from a September 23, 2016 Order (the "Stay Order") by the Honorable Robert E. Grossman, United States Bankruptcy Judge, in a Chapter 13 bankruptcy proceeding that lifted the automatic stay, *nunc pro tunc*, for cause pursuant to 11 U.S.C. § 362(d)(1) as to appellee Goldstein Group Holding's ("appellee") interest in 215 West 134th Street, New York, New York 10030 (the "Property").

Appellee now moves to dismiss this appeal as moot on the grounds that (1) the Bankruptcy Court has dismissed the underlying bankruptcy proceeding, and thus no case or controversy exists; and (2) the appeal is equitably moot because the Property has been sold to a third party. For the reasons that follow, the Court grants appellee's motion to dismiss this action.

I.  BACKGROUND

The Court assumes the parties' familiarity with the full facts and procedural history of this action and summarizes the facts and history relevant to the instant appeal based on the Bankruptcy Record on Appeal ("R.," ECF No. 4-1), as well as the parties' affidavits and exhibits.

A. The Bankruptcy Proceeding

On September 6, 2013, appellant filed a Chapter 13 bankruptcy petition in the Bankruptcy Court. (R. at 4.) Thereafter, on September 13, 2016, appellee moved for an

order dismissing the bankruptcy proceeding or, in the alternative, terminating the automatic stay of sale, *nunc pro tunc*, of the Property, which was the subject of a pending foreclosure action in New York State court (the "Foreclosure Action").[1] (*Id.* at 4-15.) The Bankruptcy Court held a hearing on appellee's motion on September 19, 2016, where Judge Grossman determined that appellee had standing to file its motion and that relief from the automatic stay was warranted for cause pursuant to 11 U.S.C. § 362(d)(1). (*See* Tr. of Sept. 19, 2016 Hr'g, ECF No. 19-1.) Specifically, Judge Grossman found "abuse of the bankruptcy process" by appellant and that there was "no question . . . based upon the evidence that ha[d] been put before the [Bankruptcy] Court that there [was] ample cause for the relief from the stay that" appellee sought. (*Id.* at 19-20.)

Accordingly, Judge Grossman issued the Stay Order on September 23, 2016 granting appellee's motion and directing that

> the automatic stay imposed by [the Bankruptcy] Court pursuant to 11 U.S.C. § 362(d)(1) is terminated, *nunc pro tunc*, to the date of filing, for cause as to [appellee]'s interest in the Property to allow [appellee]'s enforcement of its rights and remedies in and to the Property, including the finalization of a foreclosure sale held September 7, 2016, against the Property.

(R. at 354-55.) As noted in the Stay Order, the Property was sold to a third party at a September 7, 2016 public auction held in the Foreclosure Action, and the Property deed was transferred to that party. (*See* Oct. 11, 2016 Referee's Report of Sale, ECF No. 15-13.) Subsequently, by Order dated January 13, 2017 (the "Dismissal Order") and upon motions by the United States Trustee and the Chapter 13 trustee, Judge Grossman dismissed the bankruptcy proceeding in its entirety with prejudice to re-filing for one year from entry of the Dismissal Order.[2] (ECF No. 19-2.)

B. The Appeal

Appellant appealed the Stay Order on September 27, 2016 (ECF No. 1), and thereafter filed a motion to stay that decision on November 25, 2016 (ECF No. 9). The Court denied appellant's motion on December 8, 2016 after determining that appellant was unlikely to succeed on the merits of this action because (1) reversing the Stay Order would likely interfere with the Foreclosure Action and thus implicate *Rooker-Feldman* abstention; and (2) the sale of the Property to a third party had likely rendered this action moot.[3] (ECF No. 11.)

Appellee filed the instant motion to dismiss this appeal on December 30, 2016. (ECF No. 15.) Appellant filed an opposition on January 9, 2017 (ECF No. 18), and appellee replied in January 17, 2017 (ECF No. 19). Appellant then filed a sur-reply on January 24, 2017.[4] (ECF No. 20.) The Court

---

[1] The Foreclosure Action is entitled *Bayview Loan Servicing, LLC v. Alleyne Sylvester, et al.*, Index No. 810056/11, in New York Supreme Court for the County of New York.

[2] Appellant has separately appealed the Dismissal Order in *Wenegieme v. Macco, et al.*, 17-CV-1218 (JFB).

[3] Appellant subsequently filed a reply brief on December 13, 2016 that was incorrectly docketed as a new motion to stay the Stay Order. (ECF No. 12.) The Court, in an abundance of caution, reviewed the arguments in that filing *de novo* and rejected them by Order dated December 21, 2016. (ECF No. 14.)

[4] Federal Rule of Bankruptcy Procedure 8013 does not permit sur-replies on motions filed in bankruptcy appeals. Nevertheless, in light of appellant's *pro se*

has fully considered the parties' submissions.

## II. DISCUSSION

Appellee argues that this appeal must be dismissed as moot because (1) the Bankruptcy Court has dismissed the underlying bankruptcy proceeding, and thus no case or controversy exists; and (2) the appeal is equitably moot because the Property has been sold to a third party. (Appellee's Br., ECF No. 15-14, at 2-5.) Appellant responds that (1) "new discovered evidences [sic]" warrant relief from the Stay Order pursuant to Federal Rule of Procedure 60(b)(2) because those materials prove that appellee has no interest in or right to the Property; (2) the Bankruptcy Court failed to comply with the provisions governing relief from the automatic stay imposed by 11 U.S.C. § 362; (3) a case or controversy exists because the Stay Order violated appellant's Due Process rights; and (4) this appeal is not equitably moot because appellant has appealed the sale of the Property in the Foreclosure Action and will pursue criminal charges against appellee for presenting fraudulent documents to the Bankruptcy Court. (Appellant's Opp'n Br., ECF No. 18, 2-7.)

For the reasons that follow, the Court concludes that this appeal is moot and must be dismissed because the Property has been sold and transferred to a third party, and thus, the Court cannot fashion effective relief.

A. Applicable Law

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158, which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3). A bankruptcy order granting relief from an automatic stay is reviewed for abuse of discretion. *See In re Aquatic Dev. Group, Inc.*, 352 F .3d 671, 678 (2d Cir. 2003) (holding that with respect to the review of a bankruptcy's grant of *nunc pro tunc* relief, "we review a bankruptcy court's decision regarding such approval for abuse of discretion, which we have defined as (i) a decision resting on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (ii) a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." (citations omitted)).

Absent a stay pending appeal, "[t]he law is clear that once a foreclosure sale has taken place, the appeal is moot." *In re Young*, 242 F.3d 369, 2000 WL 1737810, at *1 (2d Cir. 2000) (unpublished). In *Young*, the appellant filed a voluntary Chapter 13 petition in the bankruptcy court, which subsequently denied the appellant's application for a temporary restraining order to prevent a foreclosure sale of a property. *Id*. The district court then denied the appellant's application for a stay of that decision and thereafter dismissed the appeal in its entirety following the sale of the property at issue in a New York State court foreclosure action. *Id*. The Second Circuit affirmed the dismissal, stating simply that "[b]ecause the property has been sold, [the] appeal is moot." *Id*.; *see also NKL Enters., LLC v. Oyster Bay Mgmt. Co., LLC*, No. 12-CV-5091 (ADS), 2013 WL 1775051, at *5 (E.D.N.Y. Apr. 25, 2013) (dismissing bankruptcy appeal because "once the Bankruptcy Court granted relief from the

---

status, the Court, in its discretion, has considered the arguments therein.

3

automatic stay *nunc pro tunc,* [the appellant] did not seek a stay of that order to preclude the final foreclosure sale" and "Supreme Court, Suffolk County, entered an order confirming the sale of the Cold Spring Harbor Property by the referee to" appellee); *Squires Motel, LLC v. Gance*, 426 B.R. 29, 33 (N.D.N.Y. 2010) (holding that "where an appellant does not obtain a stay pending appeal of an order of dismissal, a subsequent foreclosure of the property at issue leaves the court unable to grant effective relief and consequently renders the appeal moot and subject to dismissal").

B. Analysis

*Young*, *NKL Enterprises*, and *Squires Motel* are all squarely on point. Appellant applied for, but failed to obtain, a stay of the Stay Order from this Court, and the Property has been sold and title has been transferred to a third party in the Foreclosure Action. Accordingly, the Court cannot fashion effective relief and lacks the power to adjudicate this action. Therefore, this appeal must be dismissed as moot.[5]

---

[5] In addition, the *Rooker-Feldman* doctrine precludes this Court from reversing the Stay Order. The Property has also been subject to proceedings in the United States District and Bankruptcy Courts for the Southern District of New York, and in *Sylvester v. Bayview Loan Servicing LLC*, No. 15-CV-1736 (JPO), 2016 WL 3566234 (S.D.N.Y. June 24, 2016), Judge Oetken correctly declined the plaintiffs' efforts to reverse the judgment of foreclosure in the Foreclosure Action because "[c]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Id*. at *5. Likewise, "[t]o the extent that [appellant] challenge[s] the foreclosure judgment and seek an injunction . . . preventing the sale [of the Property], it is an improper invitation for federal review of the state-court decision." *Id*. Finally, even were this appeal not moot or barred under *Rooker-Feldman*, the Court would affirm the Stay Order on its merits because the Bankruptcy Court did not abuse its discretion in lifting the automatic stay, *nunc pro tunc*, for cause pursuant to 11 U.S.C. § 362(d)(1).

III. CONCLUSION

For the foregoing reasons, appellee's motion is granted, and this appeal is dismissed as moot. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: April 21, 2017
Central Islip, New York

\* \* \*

Appellant is proceeding *pro se*, 34 Cedar Ridge Drive, Ridge, New York 11961. Appellee is represented by Elizabeth Anne Haas of Elizabeth A. Haas, Esq., PLLC, 254 South Main Street, Suite 302, New City, New York 10956.